The next case is People v. Edwards They moved everything up. Which is People v. Boren People v. Boren Good afternoon. My name is Ian Barnes from the Appellate Defender on behalf of the appellant on this record. May it please the court, and the colleague from the state. Courts, as guardians of constitutional rights and the integrity of the criminal justice system, have a duty to order a new trial, regardless of the weight of the evidence, when they deem that the defendant did not receive a fair trial. And that fair trial encompasses a trial that is free from improper prejudicial remarks by the prosecution. The state here denied Mr. Edwards his fair trial by making repeated pervasive comments that improperly suggested to the jury, one, that he had an obligation to prove his innocence, and two, that he had fabricated his trial testimony because the contents of his testimony, or at least some of the contents, had not been disclosed to law enforcement. While Mr. Edwards raised other issues in his opening brief, I'd like to focus on those two issues today. The state denied Mr. Edwards his right to be presumed innocent by arguing to the jury in the closing argument that he had an opportunity to show he was not impaired by submitting to a breath test. And it preceded that argument by telling the jury in opening that he was offered the chance or offered the opportunity to submit to a breath test, offered the opportunity to submit to field sobriety testing. And on cross-examination, he was asked by the prosecutor, he being Officer Wood, he offered you the opportunity to take a breath test, and you refused. Isn't that right? And subsequent to the state's argument that he had an opportunity to show he wasn't impaired, it argued to the jury, speaking of the breath test, he refuses. What's going through his mind? It's not, well, I wasn't driving. He doesn't want us to have that evidence. And all of these together place this case squarely in the realm of Johnson. And Johnson, the prosecutor, made a nearly identical argument in opening and closing that the defendant had a chance to show he wasn't impaired by submitting to a breath test. And our Supreme Court ruled that that was improper because it implied to the jury that the defendant had an opportunity to prove his innocence by submitting to a breath test. And that infringed on the presumption of innocence. But the court didn't reverse. It didn't. And it chose not to do that. That was a plain error case. It was. And we have plain error here? We do. So that case doesn't bode well for you since, I mean, it's almost identical. And yet the Supreme Court did not reverse on that. I would disagree with that, Your Honor. Tell me why. Firstly, the Supreme Court in that case only considered the first crime of plain error. It did not consider the second crime for whatever reason it wasn't raised. On top of that, the Supreme Court in Johnson did a great deal to minimize the State's comments by saying it was only one line out of a 15-page transcribed argument that the State had made sure to reiterate that it had to prove the case beyond a reasonable doubt that the defendant was innocent. In this case, the closing argument was only four pages transcribed. And the State's comment that the defendant, Mr. Edwards, had the opportunity to show he wasn't impaired was the final point the State made in their closing argument. I know, but it was very brief. Just, as you say, four pages. It was. I mean, it was just kind of a one-liner, wasn't it? But nevertheless, that was paired up with the comments the State had made in opening and during cross-examination, which altogether painted the picture not that Mr. Edwards had refused a test to which he is not legally obligated to submit, but rather that he had passed up this opportunity that law enforcement had offered him to demonstrate he wasn't impaired. And that also doesn't... So the second prong of the plain error doctrine that you're arguing is the seriousness of the nature of the comment. That's right. And you're saying that that one comment, and maybe a couple of others that were raised, was so serious that it infected the fairness of the judicial process completely in this trial. That's exactly right. And the reason is because we're talking about the burden of proof and the presumption of innocence. And that is... Well, your client did not call the missing woman, right? That's correct. I mean, could have. Or maybe couldn't have, depending on whether she was real or not. As the Supreme Court said in blue, we're talking about the second prong of the plain error. That is the same test that we use to determine whether a trial is fair. And we do so regardless of the weight of the evidence, because it goes beyond simple prejudice in that case. It goes to the fabric of our criminal justice system. Right. It has to be deeper than... I would think the burden is almost even higher than in the first prong. At least in the first prong, the evidence is balanced, right? That's right.  So how can you explain to us that it's, I use the word infected, the judicial process? I think that's fair work. How did it do that in this case? How is it so unfair? Because the burden of proof and the presumption of innocence, Your Honor, are the grandest principle we have in our criminal justice system. But that's true in every case. Exactly. And that is exactly why prosecutors should be expected to adhere to that principle. This court in Wilson said that misdating the burden of proof to any extent affects the fairness of the judicial process and shall not be tolerated. And our appellate court in Young has said the presumption of innocence is the golden thread winding its way through our jurisprudence. And our United States Supreme Court in Coffin said that the presumption of innocence is the undoubted law, axiomatic and elementary. And its enforcement lies at the foundation of the administration of our criminal justice system. This is not a minor error. This is a monumental one. This is one that cuts at the very heart of whether a trial is fair, whether a prosecutor is expected to uphold the principle that a defendant is presumed innocent and bears no verdict. I don't recall. Did the defendant take the stand in this case? He did. He did. And were his 11 prior DUIs admitted? No, they were not. They were not. They're on a motion to eliminate. They were not admitted. I don't think it was ever a question that anyone brought up. Okay. But I think those would be properly excluded just because of propensity. Okay. I just didn't remember. Thank you. But even if Your Honors disagree that that single issue is not enough to undermine the fairness of the process, Your Honors can also consider this cumulatively with the other error, which was the State's comments about Mr. Ayer's post-arrest silence. And as our Supreme Court in Doyle tells us, using a defendant's post-arrest silence to raise an inference of guilt deprives him of due process. And that's because it would be fundamentally unfair to tell a defendant he has the right to remain silent and then use that against him. And there are two exceptions where it's acceptable to use that, both for impeachment. One, when a defendant testifies at trial, he made an exploitatory statement and he did not, in fact, do so. Or if he makes prior inconsistent statements. And neither of those apply here. At the scene of where Mr. Edwards was arrested, he told the officer he was headed toward Oak and Mead. And at the jail, he admitted drinking but denied driving. And at trial, he testified that his female friend was driving. None of those are inconsistent with one another. He can be headed somewhere without driving. And nevertheless, the State argued in closing, he didn't tell the officer that night. He was with the officer for over two hours, and that witness, that acquaintance, never came up. We don't have the story. He didn't tell the officer the story. And our Supreme Court's holding admits is dispositive of this issue. In that case, the defendant was arrested for murder. And he told the police, I didn't do it. And if you drop the charges, I'll tell you who did. On cross-examination, he testified that he had told the police as much. And on recross, he identified the real killer. And the State argued that if the defendant was really innocent, he would have told the police who the real killer was. And that translates exactly to Mr. Edwards' case. He answered some questions that were put to him. He did not volunteer additional information, as is his Fifth Amendment right. And, in fact, Officer Wood testified, I never asked him if he was with anyone else. So Mr. Edwards simply answered the questions that were put to him and chose not to volunteer the additional information. It wasn't inconsistent. And like Nitt, the State's argument cut right at the heart of that right to remain silent and not have your silence used against you. So for all those reasons, and the reasons that are further enumerated in Mr. Edwards' brief, but that I haven't spoken about today, I would urge this Court to reverse the judgment of the Circuit Court and remand for a new fair trial. If Your Honor is willing to go further. I don't believe we do. Thank you, Your Honor. Counsel? May it please the Court, Counsel. My name is Sharon Shanahan, and I represent the people of the State of Illinois. We have a brief time before us today. But there are two things that I want to take a bit out of order before getting to the merits of the argument. First of all, there's three quick points I'd like to address that come from the reply brief. There is a statement in the reply brief at page 7 that the State is asserting that the shifting of the burden of proof is a minor error. That is incorrect. The State is arguing that one minor error during closing argument is not reversible error. And we rely on Glasper and Johnson for that conclusion. And one improper comment in closing argument is not plain error. Second of all, the State did not concede the claim of ineffective assistance of counsel. The State argued that under plain error and ineffective assistance of counsel, the defendant has to establish prejudice. And we rely on White in that case. And in White, the Supreme Court said, It is clear in this case, having reviewed the record, that defendant cannot show prejudice. There is no reason to go further for purposes of either an ineffective assistance analysis or one founded upon the closely balanced problem of plain error. So, certainly, I saw no reason to reiterate the standard of Strickland, which this Court is well acquainted with, nor to reiterate the prejudicial facts that apply to plain error and, again, to ineffective assistance of counsel. And finally, the very last issue in the brief about the sentencing, the State is not arguing that poor people are not productive members of society. My argument is that the defendant is not poor. He had a job that paid well, and I think he should not be poor. He had a job that paid. And apparently, by the skill level, it should have paid well, and yet he can't even pay child support. So my argument is that does simply having a good job make you a productive member of society? Ms. Shanahan, the State does concede that the statement made by the prosecutor was error, though. Yes, Your Honor. And it seems... The one in closing argument, yes. It seems also that that statement was, in one form or another, made in opening, and then there was this questioning that went beyond what was allowed by 625, 5-11, 501.2. Well, first of all, Your Honor, I would disagree with the conclusion that the opening statement and the one in cross-examination was equivalent to the one in closing argument because... Okay, why? It is because it is well accepted that refusal to take the test is admissible as evidence of guilt. It's admissible, but then to go on and talk about the circumstances of the refusal, that's not admissible. I would argue that certainly nothing in the opening argument or in the cross-examination went on to argue that. It was simply that, why did he refuse this? Because he was guilty. That's the natural implication, isn't it? That is exactly what is allowed. I know, but in the closing argument, it goes a little further than that. Right. Well, as I said, there is the one statement, the one very brief statement that does go beyond that, but nonetheless, as Your Honor, if you noticed, our Supreme Court has said that if this is error, is it plain error? And that leads me to two points. First of all, because this is the one statement in closing argument, People v. Glasper says that one statement in closing argument does not fall into the limited class of cases that establishes second-pronged plain error. And second of all, this goes back to something that applies to all of these issues because none of them were preserved. The evidence here was not closely balanced. The defendant was found virtually comatose in the middle of the night, four miles from the town of Herrick. He was alone. He was not even off the road. No emergency flashes on. The door was open. His legs were sticking out into the lane of travel. He did not respond, despite the fact that they were just screaming at him practically. He didn't even respond when they shined a flashlight in his face. When he did wake up, he could not stand without support. He had watery, glassy, bloodshot eyes. He's got a strong smell of alcohol, mumbled speech. He didn't even know where he was. He was very argumentative. The bed of his truck was full of beer cans. He admitted he'd been drinking for six hours. As a fact, he refused the breathalyzer, which is evidence of consciousness of guilt. This mysterious woman who supposedly met him, he argues that she walked out from the left in the middle of the night in a dark country road. When you present a story like that, you have to be willing to be judged by it. So when you apply the first prong of plain air standard to this, to say what we're trying to establish is obviously two things. Was he drunk? Was he driving? When you're found miles from town, passed out in your truck alone with no one else there with you, when the story you give of this other person is not credible, it's very hard to imagine that this is prejudicial error. And I think the cases of Graves and Johnson both support the state's position, and Johnson goes on to support the state's position that this was not plain air. If you'll note that Johnson said that the prosecutor did not rely on the fact that the defendant did not take the test to prove that the defendant was intoxicated. Neither did this state's attorney. Did not rely on the refusal to take the breath test to prove that the defendant was intoxicated. There was tons of evidence that he was intoxicated. And so, and again in Johnson, in discussing the defendant's failure to take the breathalyzer test in closing, the prosecutor did not stress the notion that the defendant failed to prove his innocence. And he noted in his closing that the burden of proof was on the state. Now, in this case, both the assistant state's attorney and the defendant told the jury that the burden was on the state. The prosecutor in Johnson reviewed all the evidence meticulously. Same thing here. So, the discussion regarding the failure to take the breathalyzer test was not set forth to prove that the defendant was intoxicated. There was more than enough evidence to present beyond that. Have I answered your question? Completely. Thank you, Your Honor. As to the defense, the state's comment on his right to remain silent, there's an extremely important fact that I think has been omitted here, which is that the police officer at the scene testified that at the scene he asked the defendant if he had been driving, and the defendant said he had been driving. And that's what is crucial to this thing. He did at his police station say he wasn't driving, but he did tell the police officer that he had been driving. Then he gets a trial and he says he wasn't driving. So he certainly could be impeached by the trial court. Excuse me. He could be impeached by the statement he made to the police officer, and that's why I feel like Anderson v. Charles is more applicable than Doyle, and it's what distinguishes NITS, which is that in NITS the state was not impeaching the defendant with a prior statement. They were just using something that he had said after he was murdered. Thank you, Your Honor. Thank you, counsel.  I'd like to first, Your Honor, address the last point that Posen Counsel just made. The testimony from Officer Ward at trial, and this is at page C-372 in the record, the state asked him, okay, did you ask him if he had been driving? Yes. What did he say? He told me no that time. Had he told you yes before? Yeah. When was that? When we were out at the scene. Okay. What did you ask him at the scene? And he says, I asked where he was heading, and he said he was heading back towards the farm by opening. The officer never testifies explicitly, I asked him if he was driving, he said yes. What he asked him was, where were you heading? I think that's an important distinction because it means his statements were not inconsistent, but on top of that, even if the court decides they were inconsistent, Mr. Edwards wasn't properly impeached. There was no foundation laid for that impeachment, and therefore that inconsistency was not in evidence, and commenting on him in closing was improper. But there was no objection made to the form of the question. That's right. But I would suggest, Your Honor, this all falls under the category of the argument, this was improper use of this post-dress silence, and as I said earlier, this is covered by either the first or second prong of plain error, and with respect to the closely balanced prong, the evidence was closely balanced because there was no direct evidence that Mr. Edwards drove. No one saw him driving, no one was there soon enough to say one way or another whether there was another person in the vehicle. That's not what's required of a DUI in Illinois, though, is it? I mean, if you're sitting in the driver's seat, even with your leg hanging out, you're passed out behind the wheel. My reading of the charging document, the state did not charge it that way. They only charged him with driving. They did not charge him as being in control of the vehicle. Well, but the trial court can find guilt based on any evidence in the record, right? The trial court can, Your Honor? The trial, or this was jury, right? I may be incorrect, but... I forgot. Is this a bench trial or a jury trial? It was jury trial. And the state did not charge... So the instruction was not given on control. Right. That's correct. Okay. Thank you. With respect to the state's comment, this was only one small... The burden of proof comment was only one small comment. This court need not look at that error in isolation because as our Supreme Court has said, as our appellate courts have said, improper comments by a prosecutor can be viewed or can have a synergistic effect. One small comment here, another small comment there, can have... It's like taking one brick out of a wall might not make the wall permanent. It's like taking multiple out in different places might. And I would also like to briefly touch on Graves that was cited by the state. And that is a perfect example of when using the refusal or parabolizer is appropriate. In that case, the state argued that the defendant didn't submit to the test because he knew it was going to show he was over the limit. That is exactly what the consciousness of guilt standard is supposed to apply to, saying he didn't do it because he knew it would show he was over the limit. It doesn't apply to what the Johnson court described as blurring the line between consciousness of guilt and shifting the burden of proof. The last point I think I would like to make is that in Berger v. United States about 80 years ago, the United States Supreme Court said that juries are likely to believe that prosecutors will adhere to their obligations to justice and fairness. And therefore, when a prosecutor makes an improper suggestion or insinuation, it's likely to carry a great deal of weight with the jury when it should carry none. And that applies to both of the arguments I've discussed here today, shifting the burden of proof and implying Mr. Edwards was lying because he hadn't told some of the contents of his testimony to police. That was likely to carry a great deal of weight with the jury. And it directly prejudiced both elements the state had to prove. These weren't simply free-floating, inflammatory comments that left you stereotypical of a prosecutor referring to a defendant as a criminal or an animal or something like that. This was directly on point with the elements the state had to prove. And what was the citation on the case you just referred to? Berger v. United States. Berger? Yes. B-E-R-G-E-R. And finally, there's an anecdote in Coffin v. United States which was decided over 100 years ago. And I can never resist a Roman history anecdote. Go ahead. I'm interested in what this is. I can't resist, so if Your Honor, no indulgence. The Supreme Court is discussing a Roman man who was on trial. And his defense, his stated defense was, I deny the allegations and I maintain that the evidence is not sufficient to prove him guilty. And his opponent said to Caesar, O illustrious Caesar, if it is sufficient to deny, what hereafter will become of the guilty? And Emperor Julian responded, If it suffices to accuse, what will become of the innocent? And I think that really boils down the essence of this case. Because it's not just about Mr. Edwards. It's about the next case, and the next case after that, and the fundamental fabric of our system. Are defendants presumed innocent or not? Must they prove their own innocence or provide evidence of their innocence? No, of course not. So according to that, I would urge Your Honors to reverse the judgment of the Supreme Court and remand for a limited period. Thank you. Thank you, Counsel. We appreciate the briefs and arguments. Counsel? If I may. When I got briefed, I made a little clarification. What evidence was in my brief? Berger is in the brief. Yes. I don't know what the other one was. Was Coffin in the brief? He was. Okay. Coffin was in my recital. I'm sorry, I've got the next case. I forgot. Well, as to the next case, we're going to take a five-minute recess and go to the next case. We appreciate the briefs and arguments, and Counsel, I know it's late.